UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JEFFERY KING and MOSHE DWECK, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SMOOTH SAILING, INC. d/b/a DIRTY DON'S OYSTER BAR; DON E. CAUTHEN, individually; and JOHN DOES 1-10, individually,<br><br>    Defendants. | C/A: _____<br><br>**FLSA**<br>**COLLECTIVE ACTION**<br>**and**<br>**SCPWA**<br>**RULE 23 CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Jeffery King ("King") and Moshe Dweck ("Dweck"), on behalf of themselves and all others similarly situated, (all jointly "Plaintiffs"), complaining of the acts of Defendants Smooth Sailing, Inc. d/b/a Dirty Don's Oyster Bar ("Dirty Don's"); Don E. Cauthen ("Cauthen"); and John Does 1-10 ("Does") (Dirty Don's, Cauthen, and Does collectively "Defendants") allege as follows:

## NATURE OF CLAIM

1. This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2. This action is also brought individually and as a class action for payment of wages due, and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under

1

Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES, JURISDICTION, and VENUE

3. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

4. King is a citizen and resident of the State of South Carolina, County of Horry.

5. Dweck is a citizen and resident of the State of South Carolina, County of Horry.

6. Dirty Dons is a South Carolina limited liability company maintaining offices and agents in the county of Horry, state of South Carolina. Dirty Don's is an employer of individuals and operates a restaurant doing business as Dirty Don's Oyster Bar.

7. Upon information and belief, Cauthen is a citizen and resident of the County of Horry, State of South Carolina and is an owner of Dirty Don's.

8. Upon information and belief, Does are owners or officers of Dirty Don's.

9. King and Dweck were employed at Dirty Don's in the County of Horry, State of South Carolina. A substantial part of the events giving rise to these claims occurred in Horry County.

10. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA.

11. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent claims, which are brought pursuant to the statutory law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

12. King and Dweck bring this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals who were employed by Defendants at any time

within the three (3) years prior to joining this lawsuit, who were nonexempt employees paid a hourly wage.

13. Plaintiffs also bring this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals employed by Dirty Don's in the state of South Carolina, at any time within the three (3) years prior to the commencement of this lawsuit, who have not been paid all wages due because Defendants required them to work "off the clock," therefore, they have not been paid all wages owed to them for services rendered for the benefit of Defendants.

14. Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

   a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

   b. There are questions of law and/or fact common to the members of the proposed Plaintiff class;

   c. The claims of King and Dweck are typical of the claims of the proposed Plaintiff class; and

   d. King and Dweck will fairly and adequately protect the interests of the class.

15. In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

16. Venue in this District and Division is appropriate pursuant to 28 U.S.C. 1391(b)(2)

and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and one of the individual Defendants is a resident of this Division.

17. Based upon the above, jurisdiction and venue are proper in this court and division.

18. The work and pay records of King, Dweck, and the members of the Plaintiff class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

## **FACTS**

19. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

20. Defendants own and operate Dirty Don's.

21. Cauthen exercises operational control over Dirty Don's. On information and belief, Cauthen was involved in the decisions to set the wages and pay for Plaintiffs, or he hired the individuals to whom he delegated this authority, therefore, Cauthen is individually liable to Plaintiffs.

22. Doe exercises operational control over Dirty Don's. On information and belief, Doe was involved in the decisions to set the wages and pay for Plaintiffs, or he hired the individuals to whom he delegated this authority, therefore, Doe is individually liable to Plaintiffs.

23. King was employed by Dirty Don's as a non-exempt employee who was paid an hourly wage.

24. Dweck was employed by Dirty Don's as a non-exempt employee who was paid an hourly wage.

25. Defendants were aware that Plaintiffs worked in excess of forty (40) hours during the work week, but refused to pay them for more than forty (40) hours. Therefore, Defendants knowingly allowed Plaintiffs to work "off the clock."

26. Plaintiffs questioned Cauthen on whether these common pay policies and practices were legal, but Defendants continued in reckless disregard in violating the FLSA.

## FOR A FIRST CAUSE OF ACTION
### Violation of Fair Labor Standards Act
### 29 U.S.C. § 207
### (Failure to Pay Proper Overtime Wage)

27. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

28. Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

29. Defendants required Plaintiffs and the members of the Plaintiffs' class to work more than forty (40) hours per week, but did not pay them for any hours in excess of forty (40) hours per week.

30. Defendants have violated the FLSA, 29 U.S.C. § 207, in reckless disregard of the rights of Plaintiffs.

31. As such, Plaintiffs seeks to recover from Defendants the following damages:

   a.   actual damages;

   b.   liquidated damages of an equal amount; and

   c.   reasonable attorneys' fees and the costs and disbursements of this action.

## FOR A SECOND CAUSE OF ACTION
### (South Carolina Payment of Wages Act)
### (Individual and Class Action)

32.     Plaintiffs, on behalf of themselves and all similarly situated employees, reallege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

33.     Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

34.     Defendants employed Plaintiffs and the members of the Plaintiffs' class within the State of South Carolina.

35.     Defendants owe Plaintiffs and the members of the Plaintiffs' class "wages" as defined in § 41-10-10(2) of the Act, to compensate them for all labor rendered to Defendants, as promised to Plaintiffs and the members of the Plaintiffs' class and as required by law, which exceed the minimum wage and overtime wage required by the FLSA.

36.     Defendants failed to pay Plaintiffs for the entirety of their hours worked and therefore did not pay them for all wages due, as required by §§ 41-10-40 and -50 of the Act.

37.     Defendants actions were willful, and Defendants have no good faith reason why they took this action.

38.     Pursuant to S.C. Code § 41-10-80(C), Plaintiffs and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, as outlined above, plus costs and a reasonable attorney's fee.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

   a.     An order authorizing the sending of appropriate notice to current and former employees of Defendants who are putative members of the collective action, but have yet

6

"opted-in," under the FLSA;

  b. An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

  c. For Plaintiffs, under the first cause of action:

    i. actual damages in an amount to be determined;

    ii. liquidated damages of an equal amount;

  d. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

  e. Actual damages in the amount of wages due under SCPWA;

  f. Treble damages pursuant to SCPWA;

  g. Reasonable attorney's fees and costs;

  h. Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws; and

  i. Such further relief as the Court deems just and proper.

Plaintiffs request a trial by jury.

**[SIGNATURE PAGE TO FOLLOW]**

7

_____
Bruce E. Miller (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEY FOR JEFFERY KING and MOSHE DWECK, on behalf of themselves and all others similarly situated**

CHARLESTON, SC

February 2, 2017